## PENNINGTON v. BEEDY.

1. **Justice of the Peace: COSTS: FEES.** A justice of the peace cannot recover from the debtor his fees for the collection of a claim which he has collected without suit. Section 3804 of the Code applies to costs in an action and not to fees.

*Appeal from Allamakee Circuit Court.*

MONDAY, DECEMBER 9.

ACTION at law. There was a judgment for defendant upon demurrer to plaintiff's petition. Plaintiff appeals. The facts of the case are stated in the opinion.

*W. B. Hendrick,* for appellant.

*Stilwell & Stewart,* for appellee.

BECK, J.—The petition alleges that plaintiff is a justice of the peace, and received for collection a promissory note, signed by defendant, for eighty-five dollars. The plaintiff notified defendant that the note was in his hands for collection, and, at divers times, demanded payment. The defendant finally paid the amount due on the note, but refused to pay the costs, fees or percentage claimed by plaintiff to be due him under the statute for collection. To recover such fees or costs this action is brought. A demurrer to the petition was sustained.

1. JUSTICE of the peace: costs: fees.

To support this action plaintiff relies upon the provision of Code, § 3804, which is in these words:

"Justices of the peace shall be entitled to charge and receive the following fees :   *   *   *   *   *   *   *   * For all money collected and paid over without suit, five per cent, and for all money collected and paid over after suit brought without judgment, two per cent, which shall be added to the costs."

There can be no *costs* except there be a suit.   The two per cent allowed by this provision, by its express language, is to be taxed as costs of the suit.   The provision for adding the per cent for collection to the costs, according to the grammatical construction of the whole sentence, must be understood as applicable to the case of money collected, after suit brought, without judgment.   Neither can it be applied to the case of collection without suit, for the reason that there can be no costs when there is no suit.

Were the language of the statute less explicit, we would hesitate to enforce its provision against the debtor, who did not require the services, and hold that the law implied a contract on his part to pay for services required by another.

Regarding the compensation provided for by the statute as *fees*, not *costs*, they are recoverable from the party who demanded the services, under Code, § 3837.

The judgment of the Circuit Court is

AFFIRMED.